# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-0972V**
**Filed: August 27, 2018**
UNPUBLISHED

|  |  |
|---|---|
| MARY DUNCAN,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for*
*petitioner.*
*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On July 20, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused in fact by the influenza vaccination she received on November 18, 2016. Petition at ¶¶ 1, 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 9, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for her SIRVA. On August 24, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $127,333.06, representing $2,333.06 for past unreimbursable expenses and $125,000.00 for actual and projected pain and suffering. Proffer at 1-2. In the Proffer, respondent represented

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $127,333.06, representing $2,333.06 for past unreimbursable expenses and $125,000.00 for actual and projected pain and suffering, in the form of a check payable to petitioner, Mary Duncan.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| MARY DUNCAN, | |
| Petitioner, | No. 17-972V |
| v. | Chief Special Master Dorsey |
| | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

## PROFFER ON AWARD OF DAMAGES

On July 20, 2017, Mary Duncan ("petitioner") filed a petition for compensation

("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -

34 ("Vaccine Act" or "Act"), as amended.  Respondent conceded petitioner's entitlement to

compensation in his Rule 4(c) Report filed on May 8, 2018.  Based on Respondent's Rule 4(c)

Report the Chief Special Master found petitioner entitled to compensation.

**I.**    **Items of Compensation**

**A**.    **Pain and Suffering**

Respondent proffers that petitioner should be awarded $125,000.00 in actual and

projected pain and suffering.  This amount reflects that any award for projected pain and

suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner

agrees.

**B.**    **Past Unreimbursable Expenses**

Evidence supplied by petitioner documents her expenditure of past unreimbursable

expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be

awarded past unreimbursable expenses in the amount of $2,333.06.  Petitioner agrees.

1

II.    **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$127,333.06**, in the form of a check made payable to petitioner.[1]  This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

 s/Jennifer L. Reynaud
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 305-1586

Date:   August 24, 2018

---

[1]  Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2